Ms. Didi Sallings, Executive Director Arkansas Public Defender Commission Suite 201, 101 East Capitol Avenue Little Rock, Arkansas 72201
Dear Ms. Sallings:
This is in response to your request for an opinion concerning the salaries of public defenders. In your letter, you stated that some public defenders, who were previously county employees or under contract with a county, became state employees effective January 1, 1998. You have indicated that in some instances the state salary appropriation for a position is less than the salary the individual was receiving under the previous system. In light of the foregoing situation, you have presented the following question:
 If approved by the Quorum Court, can an individual county pass an appropriation ordinance to supplement the salary of a position allocated by Acts 1341 and 855 of 1997?
In my opinion, the answer to this question is "no."
Act 1341 of 1997 provides that effective January 1, 1998, the Arkansas Public Defender Commission shall be responsible for the payment of the salaries of public defenders and the salaries of secretaries and other support staff of the public defender's office. Act 1341 of 1997, § 12;see also Act 788 of 1997. Act 1341 further provides that each county shall be responsible for the payment of the compensation of additional personnel within the office of the public defender, when approved in advance by the quorum court. Id. Act 855 of 1997 appropriates funds for the Arkansas Public Defender Commission — Trial Public Defender Office for the 1997-1999 biennium. Act 855 also provides for a maximum number of regular employees, specifies the maximum salaries for such employees, and provides that all persons occupying such positions are governed by the provisions of the Regular Salaries Procedures and Restrictions Act.
It is my opinion that A.C.A. § 21-8-801 (Repl. 1996) generally prohibits a county from supplementing the salary of a public defender whose position is created and funded by the General Assembly. Section 21-8-801
provides that no public servant shall receive compensation, other than income and benefits from the governmental body to which he or she is duly entitled, for the performance of the duties and responsibilities of his or her office or position. The term "public servant" is defined at A.C.A. § 21-8-402, and encompasses an individual employed by a governmental body such as the Public Defender Commission. It appears that if the county supplemented the salary of a public defender, who is being paid with funds appropriated to the Public Defender Commission, then the public defender would be in receipt of compensation, other than from the governmental body to which he or she is duly entitled, for the performance of the duties and responsibilities of his or her position.
In addition, as you indicated in your letter, Act 1256 of 1995 (as well as Act 1341 of 1997) provides for one staff person for each of the judges of the circuit, chancery, and probate courts, and the salary for this position is to be funded out of the State Administration of Justice Fund. The act also expressly authorizes a county to supplement the base salary of any trial court staff person, when approved by the quorum court. Had the legislature intended to authorize such supplemental payments for public defenders, then it could have easily so stated.
Finally, because you have specifically asked whether the supplemental funding option is available in light of Article 16, § 4 of the Arkansas Constitution, I will briefly address that provision. Article 16, § 4 provides:
 The General Assembly shall fix the salaries and fees of all officers in the State, and no greater salary or fee than that fixed by law shall be paid to any officer, employee or other person, or at any rate other than par value; and the number and salaries of the clerks and employees of the different departments of the State shall be fixed by law.
The Arkansas Supreme Court has concluded that this provision empowers the legislature to set the maximum salaries for state employees, and this maximum salary is all that may be received by any employee from public funds. See Gipson v. Ingram, 215 Ark. 812, 223 S.W.2d 595 (1949); seealso Gipson v. Crawfis, 225 Ark. 903, 286 S.W.2d 336 (1956). In accordance with Article 16, § 4, the General Assembly enacted the "Regular Salary Procedures and Restrictions Act" which provides in part that "No employee authorized by the General Assembly shall receive from appropriated or cash funds, either from state, federal, or other sources, compensation in an amount greater than that established by the General Assembly as the maximum annual salary for the employee unless specific provisions are made therefor by law." A.C.A. § 19-4-1601(b)(3)(C) (Repl. 1994); A.C.A. § 21-5-101 (Repl. 1996); see generally Op. Att'y Gen.97-275.[1] I have found no provision in state law that authorizes a public defender to receive compensation from the state in an amount greater than that established by the General Assembly as the maximum annual salary for the employee.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] In Gipson v. Ingram, the court indicated in dicta that Ark. Const. art. 16, § 4, did not prohibit an agency from supplementing salaries beyond the "maximum annual" by accepting donations earmarked for salaries. However, A.C.A. § 19-4-1601, which was subsequently enacted, prohibits an employee from receiving such additional compensation from "appropriated or cash funds, either from state, federal, or othersources." It should also be noted that "cash funds" include gifts and donations to a commission made for normal operation of the commission.See A.C.A. § 19-4-801 et seq. It appears likely that salaries of employees would be normal operating expenses.